ORIGINAL

B1 (Official Form 1) (4/10)

**United States Bankruptcy Court**
**Southern District of New York**

**Voluntary Petition**

| Name of Debtor (if individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| **MIDAY REALTY CORP.** | |

| All Other Names Used by the Debtor in the last 8 years (include married, maiden, and trade names) | All Other Names Used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
|---|---|

| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): 11-3055605 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
|---|---|

| Street Address of Debtor (No. and Street, City, and State): | Street Address of Joint Debtor (No. and Street, City, and State): |
|---|---|
| 1439 41 STREET | |
| BROOKLYN, NY     11218 | |

| County of Residence or of the Principal Place of Business: NYC | County of Residence or of the Principal Place of Business: |
|---|---|

| Mailing Address of Debtor (if different from street address): 18 EAST 12TH STREET C/O ALTSCHUL AND ALTSCHUL REGISTERED AGENT     10038 | Mailing Address of Joint Debtor (if different from street address): |
|---|---|

Location of Principal Assets of Business Debtor (if different from street address above):

---

**Type of Debtor**
(Form of Organization)
(Check one box.)

- [ ] Individual (includes Joint Debtors) See Exhibit D on page 2 of this form.
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other
  **REAL ESTATE**

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incured by an individual primarily for a personal, family, or house-hold purpose.
- [x] Debts are primarily business debts.

---

**Filing Fee** (Check one box.)

- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D)
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D)

Check if:
- [x] Debtor's aggregate noncontingent liquidated debts (excluding debts owned to insiders or affiliates) are less than $2,343,300 (amount subject to adjustment on 4/01/13 and every three years thereafter).

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

---

**Statistical/Administrative Information**

- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| [x] 1-49 | [ ] 50-99 | [ ] 100-199 | [ ] 200-999 | [ ] 1,000-5,000 | [ ] 5,001-10,000 | [ ] 10,001-25,000 | [ ] 25,001-50,000 | [ ] 50,001-100,000 | [ ] Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Assets**

| [x] $0 to $50,000 | [ ] $50,001 to $100,000 | [ ] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Liabilities**

| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [x] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| Voluntary Petition<br>(This page must be completed and filed in every case) | Name of Debtor(s): MIDAY REALTY CORP |
|---|---|

**All Prior Bankruptcy Case Filed Within Last 8 Years (If more than two, attach additional sheet.)**

| Location<br>Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet.)**

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>                                     Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☐ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**

(Check any applicable box.)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**

(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____<br>(Name of landlord that obtained judgment)

_____<br>(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgement for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

B1 (Official Form 1) (4/10)

| Voluntary Petition<br>(This page must be completed and filed in every case) | Name of Debtor(s): |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by § 342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Debtor

X _____
   Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to § 1511 of title 11, United States Code, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
   (Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X _____
   Signature of Attorney

_____
Printed Name of Attorney for Debtor(s)

_____
Firm Name

_____
Address

_____
Telephone Number

_____
Date

* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notice and information required under 11 U.S.C. 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

_Chaim Wolf_
Signature of Authorized Individual

_Chaim Wolner_
Printed Name of Authorized Individual

_Pres_
Title of Authorized Individual

_12/1/2010_
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In Re: _____MIDAY REALTY CORP_____
**Debtor**

Case No. _____
(if known)

Chapter _____11_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 5 | $4,000.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims | No | 2 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | No | 1 | | 0.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 1 | | | 0.00 |
| J - Current Expenditures of Individual Debtor(s) | No | 1 | | | 0.00 |
| TOTAL | | 16 | $4,000.00 | 0.00 | |

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In Re: _____ MIDAY REALTY CORP _____     Case No. _____
**Debtor**                                            (if known)

Chapter _____ 11 _____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☒ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E)(whether disputed or undisputed) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 0.00 |
| Average Expenses (from Schedule J, Line 18) | 0.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" COLUMN | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column. | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $0.00 |

In Re:      MIDAY REALTY CORP          Case No. _____

                **Debtor**                                   (if known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint or Community". If the debtor holds no interest in real property, write "None" under "Description and Location of Property".

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim".

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property Without Deducting Any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| 5315 & 5317 NEW UTRECHT AVE BROOKLYN NY | Fee simple | | TBD | $380,000.00 |
| 151 DIVISION AVE BROOKLYN NY | Fee simple | | TBD | TBD |
| | | Total | $0.00 | |

In Re: _____ MIDAY REALTY CORP _____     Case No. _____

**Debtor**     (if known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None". If additional space is needed in any category, attach a separate sheet properly identified with the same case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint or Community". If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state the person's name and address under "Description and Location of Property".
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| INVESTMENT | | | | |
| 1. Cash on hand. | X | | | $1500.00 |
| 2. Checking, savings or other financial accounts, CD's, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |

In Re:      MIDAY REALTY CORP      Case No. _____

**Debtor**      (if known)

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | TBD | | N/A |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | | | N/A |
| 6. Wearing apparel. | X | | | N/A |
| 7. Furs and jewelry. | X | | | N/A |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. | X | | | |

In Re: _____MIDAY REALTY CORP_____    Case No. _____
                    **Debtor**                                          (if known)

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 12. Interest in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | | | TBD |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | | | TBD |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | | | | TBD |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |

In Re:       __MIDAY REALTY CORP__       Case No. _____

           **Debtor**                                        (if known)

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 20. Contingent and noncontingent interests in real estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent or unliquidated claims of every nature, including tax refunds, counter-claims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | | | TBD |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |

In Re:  **MIDAY REALTY CORP**                    Case No. _____

_____

**Debtor**                                         (if known)

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 28. Office equipment, furnishings, and supplies. | | AT MY OFFICE AT 1439 41 ST BROOKLYN | | 2500.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | | | TBD |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Total                                   $4,000.00

In Re:        MIDAY REALTY CORP         Case No. _____

                   **Debtor**                            (if known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:       ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                        $146,450.*

☐ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| | | | |

In Re: **MIDAY REALTY CORP**　　　　　　　　Case No. _____

　　　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　(if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

　　　　State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of the filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

　　　　List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

　　　　If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

　　　　If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

　　　　Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐　Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Husband, Wife, Joint, or Community | Date Claim was Incurred, Nature of Lien, and Description and Value of Property Subject to Lien | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|---|
| FLUSHING BANK# 1414207447 |  |  | FIRT MORTGAGE |  |  |  | TBD | TBD |
| FLUSHING BANK C/ 0 KANTOR, DAVIDOFF, WOLFE, MANDELKE R PC. 51 EAST 42ST NY, NY 10017-5404 |  |  | VALUE $　　　　$375,000.00 |  |  |  |  |  |
| Account Number: INDEX#20779/09 |  | J |  |  |  |  | TBD | TBD |
| SUPREME COURT 360 ADAMS ST BROOKLYN NY |  |  | VALUE $ |  |  |  |  |  |
| Account Number: INDEX #20799/09 |  |  | RENT RECIEVER |  |  |  | TBD | TBD |
| SCOT NUNAALY 70 WEST 40STH STREET NY NY 10018 RENT RECIEVER APPOINTED BY THE COURT |  |  | VALUE $ |  |  |  |  |  |
|  |  |  | Subtotal (Total of this page) |  |  |  | $0.00 | $0.00 |
|  |  |  | Total (Use only on last page) |  |  |  |  |  |
|  |  |  |  |  |  |  | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

__1__　continuation sheets attached

Official Form 6D (12/07)

In Re: __MIDAY REALTY CORP_____  Case No. _____
                    **Debtor**                                    (if known)

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Husband, Wife, Joint, or Community | Date Claim was Incurred, Nature of Lien, and Description and Value of Property Subject to Lien | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|---|
| Account Number: INDEX#20779/09<br><br>ALBERT SONTAG<br>2307 EASTCHESTER RD<br>BRONX NY 10469<br><br>VALUE $ | L | | APPOINTED RENT RECIEVR | | | | TBD | TBD |
| Account Number: INDEX#20779/09<br><br>RALP SOLOFF<br>ALL CITY REALTY CORP<br>2562 BRIGGS AVE<br>BRONX NY 10458<br><br>VALUE $ | | | COURT ORDER<br>KINGS COUNTY INDEX<br># 20779/09 | | | | TBD | TBD |
| Account Number:<br><br>VALUE $ | | | | | | | | |
| Account Number:<br><br>VALUE $ | | | | | | | | |
| Account Number:<br><br>VALUE $ | | | | | | | | |
| Account Number:<br><br>VALUE $ | | | | | | | | |
| Account Number:<br><br>VALUE $ | | | | | | | | |
| | | | | Subtotal<br>(Total of this page) | | | $0.00 | $0.00 |
| | | | | Total<br>(Use only on last page) | | | | |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

Sheet no. __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

In Re: _____MIDAY REALTY CORP_____          Case No. _____
                                          **Debtor**                                                                                                    (if known)


# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entitires holding priority claims against the debtor or the property of the debtor, as of the date of the filing of this petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily conusmer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☒ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**     (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extend provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extent provided in 11 U.S.C. § 507(a)(5).

In Re: _____ MIDAY REALTY CORP _____          Case No. _____

                          **Debtor**                                                (if known)

 

 

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer of fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTR, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

 

 

* Amounts are subject to adjustment on 04/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

 

 

 

 

 

 

__0__   continuation sheets attached

Official Form 6F (12/07)

In Re: _____MIDAY REALTY CORP_____    Case No. _____
                          **Debtor**                                        (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☒  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| Creditor's Name and Mailing Address Including Zip Code, and Account Number | Codebtor | Husband, Wife, Joint, or Community | Date Claim was Incurred and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account Number | | | | | | | |
| Account Number: | | | | | | | |
| Account Numb | | | | | | | |
| Account Numbe | | | | | | | |
| | | | | | | Subtotal | $0.00 |
| | | | | | | Total (Use only on last page of the completed Schedule F.) (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | |

___0___  continuation sheets attached

In Re: _____MIDAY REALTY CORP_____     Case No. _____
                    **Debtor**                                      (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

☒  Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State Whether Lease is for Nonresidential Real Property. State Contract Number of Any Government Contract |
|---|---|
| TENANTS HAVE LEASES | TO BE FIILED BY ATTORNEY |

In Re: _____MIDAY REALTY CORP_____     Case No. _____
                    **Debtor**                              (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| Name and Mailing Address of Codebtor | Name and Mailing Address of Creditor |
|---|---|
| TBD | |

In Re: _____MIDAY REALTY CORP_____     Case No. _____
                    **Debtor**                                              (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP | AGE |
| | | |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | |
| Name of Employer | | |
| How Long Employed | | |
| Address of Employer | | |

**Income:** (Estimate of average monthly income)

| | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ | | $ | |
| 2. Estimated monthly overtime | $ | | $ | |
| 3. SUBTOTAL | $ | 0.00 | $ | 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | | $ | |
| b. Insurance | $ | | $ | |
| c. Union dues | $ | | $ | |
| d. Other (Specify): | $ | | $ | |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | $ | 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 0.00 | $ | 0.00 |
| 7. Regular income from operation of business or profession or firm (Attach detailed statement) | $ | | $ | |
| 8. Income from real property | $ | | $ | |
| 9. Interest and dividends | $ | | $ | |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | | $ | |
| 11. Social security or other government assistance (Specify): | $ | | $ | |
| 12. Pension or retirement income | $ | | $ | |
| 13. Other monthly income Specify: | $ | | $ | |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 0.00 | $ | 0.00 |
| 15. TOTAL MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 0.00 | $ | 0.00 |
| 16. TOTAL COMBINED MONTHLY INCOME     $ 0.00 | | | | |

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

In Re: _____ MIDAY REALTY CORP _____     Case No. _____
             **Debtor**     (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family.  Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse".

1. Rent or home mortgage payment (include lot rented for mobile home)    $
    a. Are real estate taxes included?    ☐ Yes    ☐ No
    b. Is property insurance included?    ☐ Yes    ☐ No     *N/A*

2. Utilities: a. Electricity and heating fuel    $
    b. Water and sewer    $
    c. Telephone    $
    d. Other    $

3. Home maintenance (repairs and upkeep)    $

4. Food    $
5. Clothing    $
6. Laundry and dry cleaning    $
7. Medical and dental expenses    $
8. Transportation (not including car payments)    $
9. Recreation, clubs and entertainment, newspapers, magazines    $
10. Charitable contributions    $

11. Insurance (not deducted from wages or included in home mortgage payments)
    a. Homeowner's or renters    $
    b. Life    $
    c. Health    $     *N/A*
    d. Auto    $
    e. Other    $

12. Taxes (not deducted from wages or included in home mortgage payments)    $
    Specify:

13. Installment payments: (In chapter 11, 12 or 13 cases, do not list payments to be included in the plan)
    a. Auto    $
    b. Other    $     *N/A*
    c. Other    $

14. Alimony, maintenance, and support paid to others    $
15. Payments for support of additional dependents not living at your home    $    *Buisness*
16. Regular expenses from operation of business, profession, or farm (attach detailed statement)    $    *filing*
17. Other    $

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17.)    $    0.00

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME
    a. Average monthly income from Line 15 of Schedule I    $
    b. Average monthly expenses from Line 18 above    $
    c. Monthly net income (a. minus b.)    $

In Re: _____MIDAY REALTY CORP_____    Case No. _____
                    **Debtor**                                (if known)

# ADDENDUM (BUSINESS EXPENDITURES)

| | | |
|---|---|---|
| Rent or mortgage | $ | 2,328.56 |
| | | |
| Office Expenses | | |
|     Administration | $ | |
|     Supplies | $ | |
|     Materials | $ | |
| | | |
| Utilities | | |
|     Gas and Electric | $ | |
|     Water and Sewer | $ | 109.00 |
|     Phone | $ | |
|     Other | $ | |
| | | |
| Wages | $ | |
| Employee benefits | $ | |
| Travel and meals | $ | |
| | | |
| Car/Truck Expenses | | |
|     Installment Payments | $ | |
|     Licenses | $ | |
|     Gas | $ | |
|     Oil, Repairs, Maintenance | $ | 250.00 |
|     Insurance | $ | |
|     Other | $ | |
| | | |
| Insurance | $ | 150.00 |
|     Specify: Maintenance | | |
| | | |
| Installment Payments | $ | |
|     Specify: | | |
| | | |
| Taxes | $ | TB |
|     Specify: INCLUDED IN ESCROW | | |
| | | |
| Licenses and Fees | $ | 250.00 |
| | | |
| Legal and Professional Services | $ | |
| | | |
| Trade Publications and Subscriptions | $ | |
| | | |
| Other Expenses | $ | 200.00 |
|     Specify: PROPERTY MANAGEMENT | | |

Total  $          3,287.56

[If completed by an individual or individual and spouse.]

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

_____     X _____
Date                                                              Signature of Debtor

_____     X _____
Date                                                              Signature of Joint Debtor

_____

[If completed on behalf of a partnership or corporation]

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

_____12/1/2010_____     X _____Clena Wil_____
Date                                                              Signature of Authorized Individual
                                                                 Chain wolner PRes.
                                                                 Printed Name and Title

## DECLARATION AND SIGNATURE OF BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required under that section; and (4) I will not accept any additional money or other property from the debtor before the filing fee is paid in full.

_____     _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person or partner who signs this document.*

_____

_____
Address

X _____     _____
Signature of Bankruptcy Petition Preparer          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless te bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*
*A bankruptcy petition preparer's failure to comply with the provisions of Title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.* 11 U.S.C. § 110; 18 U.S.C. § 156.

B7(Official Form 7)(04/10)

FORM 7. STATEMENT OF FINANCIAL AFFAIRS

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In Re:      MIDAY REALTY CORP       Case No. _____

                     **Debtor**                                  **(if known)**

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfer and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. **If the answer to an applicable question is "None", mark the box labeled "None".** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

None ☐    **1. Income from employment or operation of business**

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calender year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Amount | Source |
|---|---|
| TBD BY COUNSEL | RENT ROLL |

## 2. Income other than from employment or operation of business

None ☐ State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Amount                    Source

TBD BY COUNSEL

## 3. Payments to creditors

None ☐ a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, [except for a debt on account of a domestic support obligation,] made within 90 days immediately preceding the commencement of this case. Indcate with an * any payments that were made to the creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Nane and Address of Creditor | Dates of Payments | Amount Paid | Amount Still Owing |
|---|---|---|---|
| TBD BY COUNSEL | | | |

None ☐ b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counselig agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Name and Address of Creditor | Dates of Payments/ Transfers | Amount Paid or Value of Transfers | Amount Still Owing |
|---|---|---|---|
| TBD BY COUNSEL | | | |

None ☐    c. All debtors: List all payment made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor and Relationship to Debtor | Date of Payment | Amount Paid | Amount Still Owing |
|---|---|---|---|
| TBD BY COUNSEL | | | |

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐    a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Location | Status or Disposition |
|---|---|---|---|
| FLUSHINF BANKVS MIDAY REALTY CORP INDEX#20779/09 | RENT RECIEVER FORECLOUSRE | KINGS COUNTY SPREME | MOTION GRANTED |

None  ☒  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Person for Whose Benefit Property was Seized | Date of Seizure | Description and Value of Property |
|---|---|---|

## 5. Repossessions, foreclosures and returns

None  ☐  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor or Seller | Date of Repossession, Foreclosure Sale, Transfer or Return | Description and Value of Property |
|---|---|---|

TBD

## 6. Assignments and receiverships

None ☐  a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Assignee | Date of Assignment | Terms of Assignment or Settlement |
|---|---|---|
| RALF SOLOFF ALL CITY REALTY APPOINTED RECEIVER | JULY 2010 | ASSIGNEE ON RCEIVERSHIP ORIGINAL ORDER |

None ☐  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Custodian | Name and Location of Court Case Title & Number | Date of Order | Description and Value of Property |
|---|---|---|---|
| TBD BY COUNSEL | | | |

### 7. Gifts

None  ☒  List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Person or Organization | Relationship to Debtor, if any | Date of Gift | Description and Value of Gift |
|---|---|---|---|

### 8. Losses

None  ☐  List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Description and Value of Property | Description of Circumstances and, if Loss was Covered in Whole or in Part by Insurance, Give Particulars. | Date of Loss |
|---|---|---|
| TBD BY COUNSEL | | |

### 9. Payments related to debt counseling or bankruptcy

None  ☐  List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| Name and Address of Payee | Date of Payment, Name of Payor if other than Debtor | Amount of Money or Description and Value of Property |
|---|---|---|
| TBD BY COUNSEL | | |

### 10. Other transfers

None ☐    a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Transferee, Relationship to Debtor | Date | Describe Property Transferred and Value Received |
|---|---|---|

TBD BY COUNSEL

None ☐    b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| Name of Trust or Other Device | Date(s) of Transfer(s) | Amount of Money or Description and Value of Property or Debtor's Interest in Property |
|---|---|---|

TBD BY COUNSEL

### 11. Closed financial accounts

None ☐    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Institution | Type of Account, Last Four Digits of Account Number, and Amount of Final Balance | Amount and Date of Sale or Closing |
|---|---|---|

TBD BY COUNSEL

### 12. Safe deposit boxes

None ☒   List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Name and Address of Bank or Other Depository | Names and Addresses of those with Access to Box or Depository | Description of Contents | Date of Transfer or Surrender, if any |
|---|---|---|---|

### 13. Setoffs

None ☐   List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor | Date of Setoff | Amount of Setoff |
|---|---|---|

TBD BY COUNSEL

### 14. Property held for another person

None ☒   List all property owned by another person that the debtor holds or controls.

| Name and Address of Owner | Description and Value of Property | Location of Property |
|---|---|---|

TBD BY COUNSEL

### 15. Prior address of debtor

None ☐    If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

Address                                 Name Used                               Dates of Occupancy

TBD BY COUNSEL

### 16. Spouses and former spouses

None ☒    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

Name

## 17. Environmental information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☒    a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| Site Name and Address | Name and Address of Governmental Unit | Date of Notice | Environmental Law |
|---|---|---|---|

None ☒    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| Site Name and Address | Name and Address of Governmental Unit | Date of Notice | Environmental Law |
|---|---|---|---|

None ☒    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| Name and Address of Governmental Unit | Docket Number | Status or Disposition |
|---|---|---|

### 18. Nature, location and name of business

None ☐    a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was a self-employed in a trade, profession, or other activity either full- or part-time within the six-years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

        If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

        If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this csae.

| Name, Address, Last Four Digits of Soc. Sec. No. Complete EIN or Other Taxpayer I.D. No. | Nature of Business | Beginning and Ending Dates |
|---|---|---|

TBD BY COUNSEL

None ☐    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| Name | Address |
|---|---|

TBD BY COUNSEL

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following: an officer, directory, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)

### 19. Books, records and financial statements

None ☐    a. List all bookkeepers and accountants who within the two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

Name and Address                                                 Dates Services Rendered

TBD BY COUNSEL

None ☐    b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of this debtor.

Name and Address                                                 Dates Services Rendered

TBD BY COUNSEL

None ☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

Name and Address

TBD BY COUNSEL

None ☐    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

Name and Address                                                 Date Issued

TBD BY COUNSEL

### 20. Inventories

None  ☒  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking
of each inventory, and the dollar amount and basis of each inventory.

| Date of Inventory | Inventory Supervisor | Amount of Inventory (Specify cost, market or other basis) |
|---|---|---|

None  ☒  b. List the name and address of the person having possession of the records of each of the two inventories
reported in a., above.

| Date of Inventory | Name and Address of Custodian of Inventory Records |
|---|---|

### 21. Current Partners, Officers, Directors and Shareholders

None  ☐  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the
partnership.

| Name and Address | Nature of Interest | Percentage of Interest |
|---|---|---|
| TBD BY COUNSEL | | |

None  ☒  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly
or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

| Name and Address | Title | Nature and Percentage of Stock Ownership |
|---|---|---|
| TBD BY COUNSEL | | |

## 22. Former partners, officers, directors and shareholders

None ☐    a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately
        preceding the commencement of this case.

Name and Address                                             Date of Withdrawal

TBD BY COUNSEL

None ☐    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated
        within one year immediately preceding the commencement of this case.

Name and Address                           Title                                    Date of Termination

TBD BY COUNSEL

## 23. Withdrawals from a partnership or distributions by a corporation

None ☐    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider
        including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during
        one year immediately preceding the commencement of this case.

Name and Address of Recipient,                                      Amount of Money
Relationship to Debtor                        Date and Purpose of Withdrawal               and Value of Property

TBD BY COUNSEL

## 24. Tax consolidation group

None ☐    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any
        consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period
        immediately preceding the commencement of this case.

Name of Parent Corporation                                  Taxpayer Identification Number

TBD BY COUNSEL

## 25. Pension funds

None ☒    If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to
        which the debtor, as an employer, has been responsible for contributing at any time within the six-year period
        immediately preceding the commencement of this case.

Name of Pension Fund                                            Taxpayer Identification Number

[If completed by an individual or individual and spouse.]

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

| 11/30/2010 | X |  |
|---|---|---|
| Date |  | Signature of Debtor |

| 11/30/2010 | X |  |
|---|---|---|
| Date |  | Signature of Joint Debtor |

_____

[If completed on behalf of a partnership or corporation]

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

| _Dec/ 1ST holo_ | X | _____ |
|---|---|---|
| Date |  | Signature of Authorized Individual |
|  |  | _Chrm woba_ |
|  |  | Printed Name and Title |

## DECLARATION AND SIGNATURE OF BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required under that section; and (4) I will not accept any additional money or other property from the debtor before the filing fee is paid in full.

| _____ | _____ |
|---|---|
| Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer | Social-Security No. (Required by 11 U.S.C. § 110.) |

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person or partner who signs this document.*

_____

_____
Address

X _____       _____
Signature of Bankruptcy Petition Preparer                      Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless te bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*
*A bankruptcy petition preparer's failure to comply with the provisions of Title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.    11 U.S.C. § 110; 18 U.S.C. § 156.*

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In Re:      MIDAY REALTY CORP      Case No. _____
             **Debtor**                (if known)

                                           Chapter                 11         

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code of employee, agent, or department of creditor familiar with claim who may be contacted. | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff. | (5) Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| 1   NO UNSECURED CREDITORS IN THIS CASE | | | | |
| | | | | |
| | | | | |
| | | | | |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION

I, the undersigned authorized agent of the corporation named as the Debtor in this case, declare under penalty of perjury that I have read the foregoing "List of Creditors Holding 20 Largest Unsecured Claims" and that it is true and correct to the best of my knowledge, information and belief.

_12/1/2010_
Date

X _____
Signature of Authorized Individual

_Cham Ubbinen_
Printed Name and Title

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In Re: _____Mion Realy Corp_____          Case No. _____

                      **Debtor**                                                    **(if known)**

## VERIFICATION OF CREDITOR MATRIX

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under

penalty of perjury that the attached Master Mailing List of creditors, consisting of  sheet(s) is

complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy

Rules and I/we assume all responsibility for errors and omissions.


_____Dec / 1 / 2010_____          _____
           **Date**                                          **Signature of Attorney**


_____          _____
       **Signature of Debtor**                            **Signature of Joint Debtor**


_____
   **Signature of Authorized Individual**

# State of New York
# Department of State  } ss:

*I hereby certify, that the Certificate of Incorporation of MADIY REALTY CORP, was filed on 07/06/1988, with perpetual duration, and that a diligent examination has been made of the Corporate index for documents filed with this Department for a certificate, order, or record of a dissolution, and upon such examination, no such certificate, order or record has been found, and that so far as is indicated by the records of this Department, such corporation is an existing corporation. I further certify the following:*

*A Biennial Statement was filed 07/28/1998.*

*A Biennial Statement was filed 06/30/2000.*

*A Biennial Statement was filed 07/16/2002.*

*A Biennial Statement was filed 08/11/2004.*

*I further certify, that no other documents have been filed by such Corporation.*

***



*Witness my hand and the official seal of the Department of State at the City of Albany, this 07th day of October two thousand and five.*

Daniel Shapiro
Special Deputy Secretary of State

200510110551 * 57

TAX ID ~~~~
11-304 1655

NYS DEPARTMENT OF STATE

FILING RECEIPT    INCORPORATION (BUSINESS)

CORPORATION NAME

NADIY REALTY CORP.

| DATE FILED | | DURATION & COUNTY CODE | | FILM NUMBER | | CASH NUMBER |
|---|---|---|---|---|---|---|
| 07/06/88 | | P | NEW | B659747-7 | | 206539 |

NUMBER AND KIND OF SHARES

200NPV

LOCATION OF PRINCIPAL OFFICE

ADDRESS FOR PROCESS

MARK M ALTSCHUL
18 EAST 12TH STREET
NEW YORK    NY    10003

REGISTERED AGENT

FEES AND/OR TAX PAID AS FOLLOWS:

AMOUNT OF CHECK $ ___00120.00___    AMOUNT OF MONEY ORDER $ _____    AMOUNT OF CASH $ _____

$ ___6.00___ DOLLAR FEE TO COUNTY

FILER NAME AND ADDRESS

ALTSCHUL AND ALTSCHUL
18 EAST 12TH STREET
NEW YORK    NY    10003

$        100.00  FILING
$    00010.00  TAX
$               CERTIFIED COPY
$               CERTIFICATE
$    010.00  MISCELLANEOUS
TOTAL PAYMENT $    000120.00

REFUND OF $              TO FOLLOW

GAIL S SHAFFER -- SECRETARY OF STATE

350004-003 (8/84)

## NYS DEPARTMENT OF STATE

| FILING RECEIPT | INCORPORATION (BUSINESS) |
|---|---|

**CORPORATION NAME**

MIDAY REALTY CORP.

| DATE FILED | DURATION & COUNTY CODE | | FILM NUMBER | CASH NUMBER |
|---|---|---|---|---|
| 05/27/88 | P | NEW | B645315-7 | 182132 |

| NUMBER AND KIND OF SHARES | LOCATION OF PRINCIPAL OFFICE |
|---|---|
| 200NPV | |

| ADDRESS FOR PROCESS | REGISTERED AGENT |
|---|---|
| MARK M. ALTSCHUL 18 EAST 12TH ST.  NEW YORK       NY   10003 | |

**FEES AND/OR TAX PAID AS FOLLOWS:**

AMOUNT OF CHECK $ 00120.00        AMOUNT OF MONEY ORDER $_____        AMOUNT OF CASH $_____

$ 6.00    DOLLAR FEE TO COUNTY

**FILER NAME AND ADDRESS**

    ALTSCHUL AND ALTSCHUL
    18 EAST 12TH ST.

    NEW YORK          NY   10003

| | $ | |
|---|---|---|
| $ | 100.00 | FILING |
| $ | 00010.00 | TAX |
| $ | | CERTIFIED COPY |
| $ | | CERTIFICATE |
| | 010.00 | MISCELLANEOUS |
| TOTAL PAYMENT $ | 0000120.00 | |

REFUND OF $

TO FOLLOW

380604-003 (8/84)

GAIL S SHAFFER – SECRETARY OF STATE

CERTIFICATE OF INCORPORATION

OF

MADIY REALTY CORP.

Filed by:

ALTSCHUL & ALTSCHUL
18 East 12th Street
New York, New York 10003

CERTIFICATE OF INCORPORATION

OF

MADIY REALTY CORP.

Under Section 402 of the Business Corporation Law.

The undersigned, for the purpose of forming a corpor-
ation pursuant to Section 402 of the Business Corporation
Law of the State of New York, does hereby certify and set
forth:

FIRST:  The name of the corporation is  MADIY REALTY CORP.

SECOND:  The purposes for which the corporation is
formed are:

To carry on a general mercantile, industrial, investing
and trading business in all its branches; to devise, invent,
manufacture, fabricate, assemble, install, service, maintain,
alter, buy, sell, import, export, license as licensor or
licensee, lease as lessor or lessee, distribute, job, enter
into, negotiate, execute, acquire, and assign contracts in
respect of, acquire, receive, grant, and assign licensing &
arrangements, options, franchises, and other rights in respect
of, and generally deal in and with, at wholesale and retail,
as principal, and as sales, business, special, or general
agent, representative, broker, factor, merchant, distributor,
jobber, advisor, or in any other lawful capacity, goods, wares,
merchandise, commodities, and unimproved, improved, finished,
processed and other real, personal and mixed property of any and
all kinds, together with the components, resultants, and by-
products thereof.

- 2 -

To create, manufacture, contract for, buy, sell, import, export, distribute, job and generally deal in and with, whether at wholesale or retail, and as principal, agent, broker, factor, commission merchant, licensor, licensee or otherwise, any and all kinds of goods, wares, and merchandise, and in connection therewith or independent thereof, to establish and maintain, by any manner or means, buying offices, distribution centers, specialty and other shops, stores, mail-order establishments, concessions, leased departments, and any and all other departments, sites and locations necessary, convenient or useful in the furtherance of any business of the corporation.

To develop, experiment with, manufacture, fabricate, produce, assemble, buy, lease, or otherwise acquire, hold, own, operate, use, install, equip, maintain, service, process, possess, repossess, remodel, recondition, transport, import, export, sell, lease, or otherwise dispose of any and all kinds of raw materials, natural resources, natural products, manufactured articles and products, apparatus, and goods, wares, merchandise and tangible property of every kind, used or capable of being used for any purpose whatsoever, and wheresoever located.

To acquire by purchase, subscription underwriting or otherwise, and to own, hold for investment, or otherwise, and to use, sell, assign, transfer, mortgage, pledge, exchange, or otherwise dipose of real and personal property of every sort and description and wheresoever situated, including shares of stock, bonds, debentures, notes, scrip, securities, evidences of indebtedness, contracts or obligations of any corporation or association, whether domestic or foreign, or of any firm or individual or of the United States or any state, territory or dependency of the United States or any foreign country, or any municipality or local authority within or without the United States, and also to issue in exchange therefor, stocks, bonds or other securities or evidences of indebtedness of this corporation, and, while the owner or holder of any such property, to receive, collect and dispose of the interest, dividends and income on or from such property and to possess and exercise in respect thereto all of the rights, powers and privileges of ownership, including all voting powers thereon.

— 3 —

   To construct, build, purchase, lease or otherwise acquire,
equip, hold, own, improve, develop, manage, maintain, control,
operate, lease, mortgage, create liens upon, sell, convey or
otherwise dispose of and turn to account, any and all plants,
machinery, works, implements and things or property, real and
personal, of every kind and description, incidental to, connected
with, or suitable, necessary or convenient for any of the
purposes enumerated herein, including all or any part or parts
of the properties, assets, business and good will of any
persons, firms, associations or corporations.


   To manufacture, buy, sell, deal in and to engage in,
conduct and carry on the business of manufacturing, buying,
selling and dealing in goods, wares and merchandise of
every class and description.


   To take, buy, exchange, lease or otherwise acquire real
estate, any interest  or right therein, and to hold, own,
operate, control, maintain, alter, manage and control
directly or through ownership of stock in any other Corpora-
tion, any and all kinds of buildings, stores, offices,
warehouses, mills, shops, factories, machinery and plants
and any and all other structures and erections.


   To sell, assign and transfer, convey, lease, or other-
wise alienate or dispose of, and to mortgage or otherwise
encumber the lands, buildings, real and personal property
of the Corporation wherever situated, and any and all legal
and equitable interests therein.


   To erect, construct, improve, buy, sell, alter, repair
demolish, equip, maintain, manage and construct buildings
and structures of any and every kind and nature either on
property of this Corporation or otherwise.


   To buy or otherwise lawfully acquire, own, hold, main-
tain, manage, control, improve, develop, sell, exchange,
mortgage, lease, rent and deal generally in real estate,
lands and buildings, of any and all kinds and any and all
interests therein, including leases and leaseholds of every
kind.

To buy, sell and deal in building materials and equipment of any kind and any and all other materials, merchandise and personal property either in connection with the foregoing business or otherwise.

To conduct and carry on its business or any branch thereof in any State or Territory of the United States, or in any foreign country in conformity with the Laws of said State, Territory or foreign country and to have and maintain in any said State. Terriotroy or foreign country a business office, plant or store.

To enter into, make, perform and carry out contracts of every kind, which may be necessary for or incidental to the business of the Corporation, with any person, firm, corporation, private or municipal body politic, under the government of the United States, or any Foreign Government, so far as, and to the intent that, the same may be done and performed by a corporation organized under the Business Corporation Law.

The Corporation, in furtherance of its Corporation purpose above set forth, shall have all of the powers enumerated in Section 202 of the Business Corporation Law, subject to any limitations provided in Business Corporation Law or any other statute of New York.

THIRD: The office of the Corporation is to be located in the City of New York, County of New York, State of New York.

FOURTH: The aggregate number of shares which the Corporation shall have the authority to issue is TWO HUNDRED (200) all of which are to be of one class and without par value.

- 5 -

FIFTH:  The Secretary of State is designated as agent of
the Corporation upon whom process against it may be served.
The Post Office address to which the Secretary of State
shall mail a copy of any process against the Corporation
served upon him is as follows:

> MARK M. ALTSCHUL
> 18 East 12th Street
> New York, New York 10003

IN WITNESS WHEREOF, this certificate has been sub-
scribed to this 1    day of   July   , 1988 by the
undersigned, who affirms that the statements made herein
are true under the penalties of perjury.

MARK M. ALTSCHUL    LEONARD ALTSCHUL
18 East 12th Street
New York, New York 10003.

## CERTIFICATE OF INCORPORATION

OF

MIDAY REALTY CORP.

**Filed by:**

ALTSCHUL & ALTSCHUL
18 East 12th Street
New York, New York 10003

# CERTIFICATE OF INCORPOATION

## OF

## MIDAY REALTY CORP.

Under Section 402 of the Business Corporation Law.

The undersigned, for the purpose of forming a corpor-
ation pursuant to Section 402 of the Business Corporation
Law of the State of New York, does hereby certify and set
forth:

FIRST:  The name of the corporation is MIDAY REALTY CORP.

SECOND:  The purposes for which the corporation is
formed are:

To carry on a general mercantile, industrial, investing
and trading business in all its branches; to devise, invent,
manufacture, fabricate, assemble, install, service, maintain,
alter, buy, sell, import, export, license as licensor or
licensee, lease as lessor or lessee, distribute, job, enter
into, negotiate, execute, acquire, and assign contracts in
respect of, acquire, receive, grant, and assign licensing
arrangements, options, franchises, and other rights in respect
of, and generally deal in and with, at wholesale and retail,
as principal, and as sales, business, special, or general
agent, representative, broker, factor, merchant, distributor,
jobber, advisor, or in any other lawful capacity, goods, wares,
merchandise, commodities, and unimproved, improved, finished,
processed and other real, personal and mixed property of any and
all kinds, together with the components, resultants, and by-
products thereof.

- 2 -

## NYS DEPARTMENT OF STATE

| FILING RECEIPT | INCORPORATION (BUSINESS) |
| --- | --- |

CORPORATION NAME

MIDAY REALTY CORP.

| DATE FILED | DURATION & COUNTY CODE | | FILM NUMBER | CASH NUMBER |
| --- | --- | --- | --- | --- |
| 05/27/88 | P | NEW | B645315-7 | 182132 |

| NUMBER AND KIND OF SHARES | LOCATION OF PRINCIPAL OFFICE |
| --- | --- |
| 200NPV | |

| ADDRESS FOR PROCESS | REGISTERED AGENT |
| --- | --- |
| MARK M. ALTSCHUL 18 EAST 12TH ST.  NEW YORK          NY  10003 | |

FEES AND/OR TAX PAID AS FOLLOWS:

AMOUNT OF CHECK $  00120.00          AMOUNT OF MONEY ORDER $_____

$   6.00    DOLLAR FEE TO COUNTY

| | AMOUNT OF CASH $_____ |
| --- | --- |
| $    100.00 FILING | |
| $  00010.00 TAX | |
| $          CERTIFIED COPY | |
| $          CERTIFICATE | |
| 010.00 MISCELLANEOUS | |
| TOTAL PAYMENT $  0000120.00 | |
| REFUND OF $ | |
| TO FOLLOW | |

FILER NAME AND ADDRESS

ALTSCHUL AND ALTSCHUL
18 EAST 12TH ST.

NEW YORK          NY  10003

350804-003 (8/84)                    GAIL S SHAFFER - SECRETARY OF STATE

TAX  ID   11-3055605

To create, manufacture, contract for, buy, sell, import, export, distribute, job and generally deal in and with, whether at wholesale or retail, and as principal, agent, broker, factor, commission merchant, licensor, licensee or otherwise, any and all kinds of goods, wares, and merchandise, and in connection therewith or independent thereof, to establish and maintain, by any manner or means, buying offices, distribution centers, specialty and other shops, stores, mail-order establishments, concessions, leased departments, and any and all other departments, sites and locations necessary, convenient, or useful in the furtherance of any business of the corporation.

To develop, experiment with, manufacture, fabricate, produce, assemble, buy, lease, or otherwise acquire, hold, own, operate, use, install, equip, maintain, service, process, possess, repossess, remodel, recondition, transport, import, export, sell, lease, or otherwise dispose of and generally to deal in and with any and all kinds of raw materials, natural resources, natural products, manufactured articles and products, apparatus, and goods, wares, merchandise and tangible property of every kind, used or capable of being used for any purpose whatsoever, and wheresoever located.

To acquire by purchase, subscription underwriting or otherwise, and to own, hold for investment, or otherwise, and to use, sell, assign, transfer, mortgage, pledge, exchange, or otherwise dipose of real and personal property of every sort and description and wheresoever situated, including shares of stock, bonds, debentures, notes, scrip, securities, evidences of indebtedness, contracts or obligations of any corporation or association, whether domestic or foreign, or of any firm or individual or of the United States or any state, territory or dependency of the United States or any foreign country, or any municipality or local authority within or without the United States, and also to issue in exchange therefor, stocks, bonds or other securities or evidences of indebtedness of this corporation, and, while the owner or holder of any such property, to receive, collect and dispose of the interest, dividends and income on or from such property and to possess and exercise in respect thereto all of the rights, powers and privileges of ownership, including all voting powers thereon.

— 3 —

To construct, build, purchase, lease or otherwise acquire,
equip, hold, own, improve, develop, manage, maintain, control,
operate, lease, mortgage, create liens upon, sell, convey or
otherwise dispose of and turn to account, any and all plants,
machinery, works, implements and things or property, real and
personal, of every kind and description, incidental to, connected
with, or suitable, necessary or convenient for any of the
purposes enumerated herein, including all or any part or parts
of the properties, assets, business and good will of any
persons, firms, associations or corporations.

To manufacture, buy, sell, deal in and to engage in,
conduct and carry on the business of manufacturing, buying,
selling and dealing in goods, wares and merchandise of
every class and description.

To take, buy, exchange, lease or otherwise acquire real
estate, any interest  or right therein, and to hold, own,
operate, control, maintain, alter, manage and control
directly or through ownership of stock in any other Corpora-
tion, any and all kinds of buildings, stores, offices,
warehouses, mills, shops, factories, machinery and plants
and any and all other structures and erections.

To sell, assign and transfer, convey, lease, or other-
wise alienate or dispose of, and to mortgage or otherwise
encumber the lands, buildings, real and personal property
of the corporation wherever situated, and any and all legal
and equitable interests therein.

To erect, construct, improve, buy, sell, alter, repair
demolish, equip, maintain, manage and construct buildings
and structures of any and every kind and nature either on
property of this Corporation or otherwise.

To buy or otherwise lawfully acquire, own, hold, main-
tain, manage, control, improve, develop, sell, exchange,
mortgage, lease, rent and deal generally in real estate,
lands and buildings, of any and all kinds and any and all
interests therein, including leases and leaseholds of every
kind.

- 4 -

To buy, sell and deal in building materials and
equipment of any kind and any and all other materials,
merchandise and personal property either in connection
with the foregoing business or otherwise.

To conduct and carry on its business or any branch
thereof in any State or Territory of the United States,
or in any foreign country in conformity with the Laws of
said State, Territory or foreign country and to have and
maintain in any said State. Terriotroy or foreign country
a business office, plant or store.

To enter into, make, perform and carry out contracts
of every kind, which may be necessary for or incidental
to the business of the Corporation, with any person,
firm, corporation, private or municipal body politic, under
the government of the United States, or any Foreign
Government, so far as, and to the intent that, the same
may be done and performed by a corporation organized under
the Business Corporation Law.

The Corporation, in furtherance of its Corporation
purpose above set forth, shall have all of the powers
enumerated in Section 202 of the Business Corporation Law,
subject to any limitations provided in Business Corporation
Law or any other statute of New York.

THIRD:  The office of the Corporation is to be located

in the City of New York, County of New York, State of New York.

FOURTH:  The aggregate number of shares which the

Corporation shall have the authority to issue is TWO HUNDRED

(200) all of which are to be of one class and without par value.

- 5 -

FIFTH: The Secretary of State is designated as agent of the Corporation upon whom process against it may be served. The Post Office address to which the Secretary of State shall mail a copy of any process against the Corporation served upon him is as follows:

MARK M. ALTSCHUL
18 East 12th Street
New York, New York 10003

IN WITNESS WHEREOF, this certificate has been subscribed to this 24th day of May , 1988 by the undersigned, who affirms that the statements made herein are true under the penalties of perjury.

LEONARD ALTSCHUL
18 East 12th Street
New York, New York 10003



## MINUTES OF FIRST MEETING OF BOARD OF DIRECTORS

of

### MADIY REALTY CORP.

The first meeting of the board was held at   246 Penn Street
Brooklyn, New York
on the   8th   day of      July        19 88   at  10:30   o'clock      A.M.

The following were present:

    CHAIM WOLNER
    CHANA WOLNER

being a quorum and all of the directors of the corporation.

    CHAIM WOLNER                            was nominated and elected
temporary chairman and acted as such until relieved by the president.
    CHANA WOLNER                            was nominated and elected
temporary secretary, and acted as such until relieved by the permanent
secretary.

The secretary then presented and read to the meeting a waiver of notice
of meeting, subscribed by all the directors of the corporation, and it was
ordered that it be appended to the minutes of this meeting.

The following were duly nominated and, a vote having been taken, were
unanimously elected officers of the corporation to serve for one year and un-
til their successors are elected and qualified:

President:          CHAIM WOLNER

Vice-President:     CHANA WOLNER

Secretary:          CHANA WOLNER

Treasurer:

7

The president and secretary thereupon assumed their respective offices in place and stead of the temporary chairman and the temporary secretary.

Upon motion duly made, seconded and carried, it was

RESOLVED that the seal now presented at this meeting, an impression of which is directed to be made in the margin of the minute book, be and the same hereby is adopted as the seal of this corporation and further

RESOLVED that the president and treasurer be and they hereby are authorized to issue certificates for shares in the form as submitted to this meeting and appended to the minutes of this meeting and further

RESOLVED that the share and transfer book now presented at this meeting be and the same hereby is adopted as the share and transfer book of the corporation.

Upon motion duly made, seconded and carried, it was

RESOLVED that the treasurer be and hereby is authorized to open a bank account in behalf of the corporation with

located at
and a resolution for that purpose on the printed form of said bank was adopted and was ordered appended to the minutes of this meeting.

Upon motion duly made, seconded and carried, it was

RESOLVED that the corporation proceed to carry on the business for which it was incorporated.

8

The secretary then presented to the meeting a written proposal from

to this corporation.

Upon motion duly made, seconded and carried, the said proposal was
ordered filed with the secretary, and he was requested to spread the same
at length upon the minutes, said proposal being as follows:

8a

The proposal was taken up for consideration and the following resolution was on motion unanimously adopted:

WHEREAS a written proposal has been made to this corporation in the form as set forth above in these minutes, and

WHEREAS in the judgment of this board the assets proposed to be transferred to the corporation are reasonably worth the amount of the consideration demanded therefor, and that it is in the best interests of this corporation to accept the said offer as set forth in said proposal,

NOW THEREFORE, IT IS RESOLVED that said offer, as set forth in said proposal, be and the same hereby is approved and accepted, and that in accordance with the terms thereof, this corporation, shall as full payment for said property issue to said offeror (s) or nominee (s)          fully paid and non-assessable shares of this corporation, and it is

FURTHER RESOLVED, that upon the delivery to this corporation of said assets and the execution and delivery of such proper instruments as may be necessary to transfer and convey the same to this corporation, the officers of this corporation are authorized and directed to execute and deliver the certificate or certificates for such shares as are required to be issued and delivered on acceptance of said offer in accordance with the foregoing.

# CERTIFICATE FOR SHARES

NESIVOS BAIS YAAKOV          PAGE  06/31

# RESOLUTION DESIGNATING DEPOSITORY OF FUNDS

12

## MINUTES OF FIRST MEETING OF SHAREHOLDERS

of

## MADIY REALTY CORP

The first meeting of the shareholders was held at 246 Penn Street, Brooklyn, New York
on the      8th day of July         1988   at   10:30   o'clock       A.M.

The meeting was duly called to order by the president who stated the object of the meeting.

The secretary then read the roll of the shareholders as they appear in the share record book of the corporation and reported that a quorum of the shareholders was present.

The secretary then read a waiver of notice of meeting signed by all the shareholders and on motion duly made, seconded and carried it was ordered that the said waiver be appended to the minutes of this meeting.

The president then asked the secretary to read the minutes of the organization meeting and the minutes of the first meeting of the board.

On motion duly made, seconded and unanimously carried the following resolution was adopted:

WHEREAS, the minutes of the organization meeting and the minutes of the first meeting of the board have been read to this meeting, and

WHEREAS, at the organization meeting by-laws were adopted, it is

RESOLVED that this meeting hereby approves, ratifies and adopts the said by-laws as the by-laws of the corporation, and it is

FURTHER RESOLVED that all of the acts taken and the decisions made at the organization meeting and at the first meeting of the board hereby are approved and ratified, and it is

FURTHER RESOLVED, that the signing of these minutes shall constitute full ratification thereof and waiver of notice of the meeting by the signatories.

## MINUTES OF SPECIAL MEETING OF DIRECTORS

### OF

### MADIY REALTY CORP.

A special meeting of the Board of Directors of the Corporation was held at the time, date and place set forth below.

All of the Directors being present, the meeting was called to order by the Chairman. The Chairman advised that all the shareholders had executed written consents to the election by the Corporation to be treated as a "small business corporation". Upon motion duly made, seconded and unanimously carried, it was

> RESOLVED, that the proper officers of the corporation are hereby authorized to take any and all action necessary to comply with the requirements of the Internal Revenue Service for making an election pursuant to Sub Chapter S of the Internal Revenue Code, Sec. 1362, and it was further

> RESOLVED, that the signing of these minutes by the Directors shall constitute full ratification thereof and waiver of notice of the meeting by the signatories.

There being no further business to come before the meeting, upon motion duly made, seconded and unanimously carried, the meeting was adjourned.

Place:   246 Penn Street, Brooklyn, New York
Date:    July 8, 1988
Time:    10:00 A.M.

_____
                                 Secretary

_____
           Chairman

_____
                                 Director

_____
           Director

_____
                                 Director

1245-3 © 1979 by Julius Blumberg, Inc. NYC 10013, 4-79.

# MINUTES OF SPECIAL MEETING OF DIRECTORS

OF

## MADIY REALTY CORP.

A special meeting of the Board of Directors of the Corporation was held on     July 8,     19 88 at 10:00 A.M. at  246 Penn Street, Brooklyn, New York

All of the Directors being present, the meeting was called to order by the Chairman.  The Chairman advised that the meeting was called to approve and adopt a medical care expense reimbursement plan.  A copy of the plan was presented to those present and upon motion duly made, seconded and unanimously carried, it was

RESOLVED, that the "Medical Care Reimbursement Plan" presented to the meeting is hereby approved and adopted, that a copy of the plan shall be appended to these minutes, and that the proper officers of the corporation are hereby authorized to take whatever action is necessary to implement the plan, and it is further

RESOLVED, that the signing of these minutes by the Directors shall constitute full ratification thereof and waiver of notice of the meeting by the signatories.

There being no further business to come before the meeting, upon motion duly made, seconded and unanimously carried, the meeting was adjourned.

_____
Secretary

_____
Chairman

_____
Director

_____
Director

_____
Director

1243-5 © 1979 by Julius Blumberg, Inc. NYC 10013, 4-79.

## MINUTES OF ORGANIZATION MEETING OF

MADIY REALTY CORP.

The undersigned, being the sole incorporator of this corporation, held an organization meeting at the date and place set forth below, at which meeting the following action was taken:

It was resolved that a copy of the certificate of incorporation together with the receipt issued by the department of state showing payment of the statutory organization tax and the date and payment of the fee for filing the original certificate of incorporation be appended to these minutes.

By-laws regulating the conduct of the business and affairs of the corporation, as prepared by

counsel for the corporation were adopted and ordered appended hereto.

The persons whose names appear below were named as directors.

The board of directors was authorized to issue all of the unsubscribed shares of the corporation at such time and in such amounts as determined by the board and to accept in payment money or other property, tangible or intangible, actually received or labor or services actually performed for the corporation or for its benefit or in its formation.

The principal office of the corporation was fixed at 246 Penn Street, Brooklyn, New York

Dated at
the  8      day of    July         188                 Sole incorporator

The undersigned accept their nomination as directors.

CHAIM WOLNER                                            Signature
  Type director's name

CHANA WOLNER

The following are appended to the minutes of this meeting:

    Copy of certificate of incorporation, filed on
    Receipt of department of state
    By-laws

1-4

RESOLVED, that the signing of these minutes shall constitute full ratification thereof and waiver of notice of the meeting by the signatories.

There being no further business before the meeting, the same was, on motion, duly adjourned.

Dated the  8th  day of     July          1988  .

Secretary of meeting

Chairman of meeting

The following are appended to the minutes of this meeting:

Waiver of notice of organization meeting
Copy of certificate of incorporation
Receipt of department of state
By-laws

3

## WAIVER OF NOTICE OF ORGANIZATION MEETING

of

MADIY REALTY CORP.

We, the undersigned, being all the incorporators named in the certificate of incorporation of the above corporation hereby agree and consent that the organization meeting thereof be held on the date and at the time and place stated below and hereby waive all notice of such meeting and of any adjournment thereof.

Place of meeting          246 Penn Street, Brooklyn, New York

Date of meeting          July 8, 1988

Time of meeting          10:00 A.M.

_____
Incorporator

_____
Incorporator

_____
Incorporator

Dated:   July 8, 1988

4

The chairman presented to the meeting a form of certificate required under Tax Law section 275A to be filed in the office of the tax commission.

Upon motion duly made, seconded and carried, it was

RESOLVED that the proper officers of this corporation are hereby authorized and directed to execute and file such certificate forthwith.

On motion duly made, seconded and carried, it was

RESOLVED that all of the acts taken and decisions made at the organization meeting be and they hereby are ratified and it was

FURTHER RESOLVED, that the signing of these minutes shall constitute full ratification thereof and waiver of notice of the meeting by the signatories.

There being no further business before the meeting, on motion duly made, seconded and carried, the meeting adjourned.

Dated the  8th day of    July      19 88.

_____          _____
                                                          Secretary

_____          _____
                                                          Chairman
_____

_____

_____


A true copy of each of the following papers referred to in the foregoing minutes is appended hereto.

Waiver of notice of meeting
Specimen certificate for shares
Resolution designating depository of funds

9

## WAIVER OF NOTICE OF FIRST MEETING OF BOARD

of

### MADIY REALTY CORP.

We, the undersigned, being all the directors of the above cor-
poration hereby agree and consent that the first meeting of the board be
held on the date and at the time and place stated below for the purpose of
electing officers and the transaction thereat of all such other business as
may lawfully come before said meeting and hereby waive all notice of the
meeting and of any adjournment thereof.

Place of meeting        246 Penn Street, Brooklyn, New York

Date of meeting         July 8, 1988

Time of meeting         10:30 A.M.

_____
Director

_____
Director

_____
Director

Dated:  July 8, 1988

10

There being no further business the meeting was adjourned.

Dated the    8th    day of   July         19 88 .

Secretary

H Chaim Wulner

The following is appended hereto:

Waiver of notice of meeting.

14

## WAIVER OF NOTICE OF FIRST MEETING OF SHAREHOLDERS

of

MADIY REALTY CORP.

We, the undersigned being all of the shareholders of the above corporation hereby agree and consent that the first meeting of the shareholders be held on the date and at the time and place stated below for the purpose of electing officers and the transaction thereat of all such other business as may lawfully come before said meeting and hereby waive all notice of the meeting and of any adjournment thereof.

Place of meeting      246 Penn Street, Brooklyn, New York

Date of meeting       July 8, 1988

Time of meeting       10:30 A.M.

Dated:   July 8, 1988

15

3

# MINUTES OF FIRST MEETING OF SHAREHOLDERS

of

## MIDAY REALTY CORP.

The first meeting of the shareholders was held at

on the 30 day of June 19 88 at 12:00 o'clock P.M.

The meeting was duly called to order by the president who stated the object of the meeting.

The secretary then read the roll of the shareholders as they appear in the share record book of the corporation and reported that a quorum of the shareholders was present.

The secretary then read a waiver of notice of meeting signed by all the shareholders and on motion duly made, seconded and carried it was ordered that the said waiver be appended to the minutes of this meeting.

The president then asked the secretary to read the minutes of the organization meeting and the minutes of the first meeting of the board.

On motion duly made, seconded and unanimously carried the following resolution was adopted:

WHEREAS, the minutes of the organization meeting and the minutes of the first meeting of the board have been read to this meeting, and

WHEREAS, at the organization meeting by-laws were adopted, it is

RESOLVED that this meeting hereby approves, ratifies and adopts the said by-laws as the by-laws of the corporation, and it is

FURTHER RESOLVED that all of the acts taken and the decisions made at the organization meeting and at the first meeting of the board hereby are approved and ratified, and it is

FURTHER RESOLVED, that the signing of these minutes shall constitute full ratification thereof and waiver of notice of the meeting by the signatories.

13

There being no further business the meeting was adjourned.

Dated the    30    day of    June    19 88 .

_____
                Secretary

_____

_____

_____

_____

The following is appended hereto:

   Waiver of notice of meeting.

14

# WAIVER OF NOTICE OF FIRST MEETING OF SHAREHOLDERS

of

## MIDAY REALTY CORP.

We, the undersigned being all of the shareholders of the above corporation hereby agree and consent that the first meeting of the shareholders be held on the date and at the time and place stated below for the purpose of electing officers and the transaction thereat of all such other business as may lawfully come before said meeting and hereby waive all notice of the meeting and of any adjournment thereof.

Place of meeting    246 Penn Street, Brooklyn, New York

Date of meeting     June 30, 1988

Time of meeting     12:00 P.M.

Chona Wolver

Dated: June 30, 1988

15

## BY-LAWS

of

## MIDAY REALTY CORP

### ARTICLE I - OFFICES

The principal office of the corporation shall be in the
County of                              State of New York.
of
The corporation may also have offices at such other places within or with-
out the State of New York as the board may from time to time determine
or the business of the corporation may require.

### ARTICLE II - SHAREHOLDERS

1.    PLACE OF MEETINGS.

Meetings of shareholders shall be held at the principal office of the
corporation or at such place within or without the State of New York as the
board shall authorize.

2.    ANNUAL MEETING.

The annual meeting of the shareholders shall be held on the
day of                              at                    M. in each year if not a
legal holiday, and, if a legal holiday, then on the next business day follow-
ing at the same hour, when the shareholders shall elect a board and trans-
act such other business as may properly come before the meeting.

3.    SPECIAL MEETINGS.

Special meetings of the shareholders may be called by the board or
by the president and shall be called by the president or the secretary at the
request in writing of a majority of the board or at the request in writing by
shareholders owning a majority in amount of the shares issued and outstand-
ing.  Such request shall state the purpose or purposes of the proposed meet-
ing.  Business transacted at a special meeting shall be confined to the pur-
poses stated in the notice.

4.    FIXING RECORD DATE.

For the purpose of determining the shareholders entitled to notice of
or to vote at any meeting of shareholders or any adjournment thereof, or
to express consent to or dissent from any proposal without a meeting, or
for the purpose of determining shareholders entitled to receive payment of
any dividend or the allotment of any rights, or for the purpose of any other


By-Laws A

action, the board shall fix, in advance, a date as the record date for any such determination of shareholders. Such date shall not be more than fifty nor less than ten days before the date of such meeting, nor more than fifty days prior to any other action. If no record date is fixed it shall be determined in accordance with the provisions of law.

5.   NOTICE OF MEETINGS OF SHAREHOLDERS.

Written notice of each meeting of shareholders shall state the purpose or purposes for which the meeting is called, the place, date and hour of the meeting and unless it is the annual meeting, shall indicate that it is being issued by or at the direction of the person or persons calling the meeting. Notice shall be given either personally or by mail to each shareholder entitled to vote at such meeting, not less than ten nor more than fifty days before the date of the meeting. If action is proposed to be taken that might fore the date of the meeting. If action is proposed to be taken that might entitle shareholders to payment for their shares, the notice shall include a statement of that purpose and to that effect. If mailed, the notice is given when deposited in the United States mail, with postage thereon prepaid, directed to the shareholder at his address as it appears on the record of shareholders, or, if he shall have filed with the secretary a written request that notices to him be mailed to some other address, then directed to him at such other address.

6.   WAIVERS.

Notice of meeting need not be given to any shareholder who signs a waiver of notice, in person or by proxy, whether before or after the meeting. The attendance of any shareholder at a meeting, in person or by proxy, without protesting prior to the conclusion of the meeting the lack of notice of such meeting, shall constitute a waiver of notice by him.

7.   QUORUM OF SHAREHOLDERS.

Unless the certificate of incorporation provides otherwise, the holders of a majority of the shares entitled to vote thereat shall constitute a quorum at a meeting of shareholders for the transaction of any business, provided that when a specified item of business is required to be voted on by a class or classes, the holders of a majority of the shares of such class or classes shall constitute a quorum for the transaction of such specified item of business.

When a quorum is once present to organize a meeting, it is not broken by the subsequent withdrawal of any shareholders.

The shareholders present may adjourn the meeting despite the absence of a quorum.

By-Laws B

action, the board shall fix, in advance, a date as the record date for any
such determination of shareholders. Such date shall not be more than fifty
nor less than ten days before the date of such meeting, nor more than fifty
days prior to any other action. If no record date is fixed it shall be deter-
mined in accordance with the provisions of law.

5.    NOTICE OF MEETINGS OF SHAREHOLDERS.

Written notice of each meeting of shareholders shall state the purpose
or purposes for which the meeting is called, the place, date and hour of the
meeting and unless it is the annual meeting, shall indicate that it is being
issued by or at the direction of the person or persons calling the meeting.
Notice shall be given either personally or by mail to each shareholder en-
titled to vote at such meeting, not less than ten nor more than fifty days be-
fore the date of the meeting. If action is proposed to be taken that might
entitle shareholders to payment for their shares, the notice shall include a
statement of that purpose and to that effect. If mailed, the notice is given
when deposited in the United States mail, with postage thereon prepaid, di-
rected to the shareholder at his address as it appears on the record of share-
holders, or, if he shall have filed with the secretary a written request that
notices to him be mailed to some other address, then directed to him at such
other address.

6.    WAIVERS.

Notice of meeting need not be given to any shareholder who signs a
waiver of notice, in person or by proxy, whether before or after the meeting.
The attendance of any shareholder at a meeting, in person or by proxy, with-
out protesting prior to the conclusion of the meeting the lack of notice of such
meeting, shall constitute a waiver of notice by him.

7.    QUORUM OF SHAREHOLDERS.

When a quorum is once present to organize a meeting, it is not broken
by the subsequent withdrawal of any shareholders.

The shareholders present may adjourn the meeting despite the absence
of a quorum.

By-Laws B

8.   **PROXIES.**

Every shareholder entitled to vote at a meeting of shareholders or to express consent or dissent without a meeting may authorize another person or persons to act for him by proxy.

Every proxy must be signed by the shareholder or his attorney-in-fact. No proxy shall be valid after expiration of eleven months from the date thereof unless otherwise provided in the proxy. Every proxy shall be revocable at the pleasure of the shareholder executing it, except as otherwise provided by law.

9.   **QUALIFICATION OF VOTERS.**

Every shareholder of record shall be entitled at every meeting of shareholders to one vote for every share standing in his name on the record of shareholders, unless otherwise provided in the certificate of incorporation.

10.  **VOTE OF SHAREHOLDERS.**

Except as otherwise required by statute or by the certificate of incorporation;

(a) directors shall be elected by a plurality of the votes cast at a meeting of shareholders by the holders of shares entitled to vote in the election;

(b) all other corporate action shall be authorized by a majority of the votes cast.

11.  **WRITTEN CONSENT OF SHAREHOLDERS.**

Any action that may be taken by vote may be taken without a meeting on written consent, setting forth the action so taken, signed by the holders of all the outstanding shares entitled to vote thereon or signed by such lesser number of holders as may be provided for in the certificate of incorporation.

## ARTICLE III - DIRECTORS

1.   **BOARD OF DIRECTORS.**

Subject to any provision in the certificate of incorporation the business of the corporation shall be managed by its board of directors, each of whom shall be at least 18 years of age and               be shareholders.

2.   **NUMBER OF DIRECTORS.**

The number of directors shall be
When all of the shares are owned by less than three shareholders, the number of directors may be less than three but not less than the number of shareholders.

8.    PROXIES.

Every shareholder entitled to vote at a meeting of shareholders or to express consent or dissent without a meeting may authorize another person or persons to act for him by proxy.

Every proxy must be signed by the shareholder or his attorney-in-fact. No proxy shall be valid after expiration of eleven months from the date thereof unless otherwise provided in the proxy. Every proxy shall be revocable at the pleasure of the shareholder executing it, except as otherwise provided by law.

9.    QUALIFICATION OF VOTERS.

Every shareholder of record shall be entitled at every meeting of shareholders to one vote for every share standing in his name on the record of shareholders, unless otherwise provided in the certificate of incorporation.

10.    VOTE OF SHAREHOLDERS.

11.    WRITTEN CONSENT OF SHAREHOLDERS.

Any action that may be taken by vote may be taken without a meeting on written consent, setting forth the action so taken, signed by the holders of all the outstanding shares entitled to vote thereon or signed by such lesser number of holders as may be provided for in the certificate of incorporation.

## ARTICLE III - DIRECTORS

1.    BOARD OF DIRECTORS.

Subject to any provision in the certificate of incorporation the business of the corporation shall be managed by its board of directors, each of whom shall be at least 18 years of age and                    be shareholders.

2.    NUMBER OF DIRECTORS.

The number of directors shall be
When all of the shares are owned by less than three shareholders, the number of directors may be less than three but not less than the number of shareholders.

By-Laws C

3. **ELECTION AND TERM OF DIRECTORS.**

At each annual meeting of shareholders, the shareholders shall elect directors to hold office until the next annual meeting. Each director shall hold office until the expiration of the term for which he is elected and until his successor has been elected and qualified, or until his prior resignation or removal.

4. **NEWLY CREATED DIRECTORSHIPS AND VACANCIES.**

Newly created directorships resulting from an increase in the number of directors and vacancies occurring in the board for any reason except the removal of directors without cause may be filled by a vote of a majority of the directors then in office, although less than a quorum exists, unless otherwise provided in the certificate of incorporation. Vacancies occurring by reason of the removal of directors without cause shall be filled by vote of the shareholders unless otherwise provided in the certificate of incorporation. A director elected to fill a vacancy caused by resignation, death or removal shall be elected to hold office for the unexpired term of his predecessor.

5. **REMOVAL OF DIRECTORS.**

Any or all of the directors may be removed for cause by vote of the shareholders or by action of the board. Directors may be removed without cause only by vote of the shareholders.

6. **RESIGNATION.**

A director may resign at any time by giving written notice to the board, the president or the secretary of the corporation. Unless otherwise specified in the notice, the resignation shall take effect upon receipt thereof by the board or such officer, and the acceptance of the resignation shall not be necessary to make it effective.

7. **QUORUM OF DIRECTORS.**

Unless otherwise provided in the certificate of incorporation, a majority of the entire board shall constitute a quorum for the transaction of business or of any specified item of business.

8. **ACTION OF THE BOARD.**

Unless otherwise required by law, the vote of a majority of the directors present at the time of the vote, if a quorum is present at such time, shall be the act of the board. Each director present shall have one vote regardless of the number of shares, if any, which he may hold.

3.    ELECTION AND TERM OF DIRECTORS.

At each annual meeting of shareholders, the shareholders shall elect directors to hold office until the next annual meeting.  Each director shall hold office until the expiration of the term for which he is elected and until his successor has been elected and qualified, or until his prior resignation or removal.

4.    NEWLY CREATED DIRECTORSHIPS AND VACANCIES.

Newly created directorships resulting from an increase in the number of directors and vacancies occurring in the board for any reason except the removal of directors without cause may be filled by a vote of a majority of the directors then in office, although less than a quorum exists, unless otherwise provided in the certificate of incorporation.  Vacancies occurring by reason of the removal of directors without cause shall be filled by vote of the shareholders unless otherwise provided in the certificate of incorporation.  A director elected to fill a vacancy caused by resignation, death or removal shall be elected to hold office for the unexpired term of his predecessor.

5.    REMOVAL OF DIRECTORS.

Any or all of the directors may be removed for cause by vote of the shareholders or by action of the board.  Directors may be removed without cause only by vote of the shareholders.

6.    RESIGNATION.

A director may resign at any time by giving written notice to the board, the president or the secretary of the corporation.  Unless otherwise specified in the notice, the resignation shall take effect upon receipt thereof by the board or such officer, and the acceptance of the resignation shall not be necessary to make it effective.

7.    QUORUM OF DIRECTORS.

8.    ACTION OF THE BOARD.

By-Laws D

9.   PLACE AND TIME OF BOARD MEETINGS.

The board may hold its meetings at the office of the corporation or at such other places, either within or without the State of New York, as it may from time to time determine.

10.   REGULAR ANNUAL MEETING.

A regular annual meeting of the board shall be held immediately following the annual meeting of shareholders at the place of such annual meeting of shareholders.

11.   NOTICE OF MEETINGS OF THE BOARD, ADJOURNMENT.

(a) Regular meetings of the board may be held without notice at such time and place as it shall from time to time determine.  Special meetings of the board shall be held upon notice to the directors and may be called by the president upon three days notice to each director either personally or by mail or by wire; special meetings shall be called by the president or by the secretary in a like manner on written request of two directors.  Notice of a meeting need not be given to any director who submits a waiver of notice whether before or after the meeting or who attends the meeting without protesting prior thereto or at its commencement, the lack of notice to him.

(b) A majority of the directors present, whether or not a quorum is present, may adjourn any meeting to another time and place.  Notice of the adjournment shall be given all directors who were absent at the time of the adjournment and, unless such time and place are announced at the meeting, to the other directors.

12.   CHAIRMAN.

At all meetings of the board the president, or in his absence, a chairman chosen by the board shall preside.

13.   EXECUTIVE AND OTHER COMMITTEES.

The board, by resolution adopted by a majority of the entire board, may designate from among its members an executive committee and other committees, each consisting of three or more directors.  Each such committee shall serve at the pleasure of the board.

14.   COMPENSATION.

No compensation shall be paid to directors, as such, for their services, but by resolution of the board a fixed sum and expenses for actual attendance, at each regular or special meeting of the board may be author-

By-Laws E

ized. Nothing herein contained shall be construed to preclude any director from serving the corporation in any other capacity and receiving compensation therefor.

## ARTICLE IV - OFFICERS

1. OFFICES, ELECTION, TERM.

(a) Unless otherwise provided for in the certificate of incorporation, the board may elect or appoint a president, one or more vice-presidents, a secretary and a treasurer, and such other officers as it may determine, who shall have such duties, powers and functions as hereinafter provided.

(b) All officers shall be elected or appointed to hold office until the meeting of the board following the annual meeting of shareholders.

(c) Each officer shall hold office for the term for which he is elected or appointed and until his successor has been elected or appointed and qualified.

2. REMOVAL, RESIGNATION, SALARY, ETC.

(a) Any officer elected or appointed by the board may be removed by the board with or without cause.

(b) In the event of the death, resignation or removal of an officer, the board in its discretion may elect or appoint a successor to fill the unexpired term.

(c) Any two or more offices may be held by the same person, except the offices of president and secretary. When all of the issued and outstanding stock of the corporation is owned by one person, such person may hold all or any combination of offices.

(d) The salaries of all officers shall be fixed by the board.

(e) The directors may require any officer to give security for the faithful performance of his duties.

3. PRESIDENT.

The president shall be the chief executive officer of the corporation; he shall preside at all meetings of the shareholders and of the board; he shall have the management of the business of the corporation and shall see that all orders and resolutions of the board are carried into effect.

4. VICE-PRESIDENTS.

During the absence or disability of the president, the vice-president, or if there are more than one, the executive vice-president, shall have all

By-Laws F

the powers and functions of the president.  Each vice-president shall perform such other duties as the board shall prescribe.

5.    SECRETARY.

The secretary shall:

(a) attend all meetings of the board and of the shareholders;

(b) record all votes and minutes of all proceedings in a book to be kept for that purpose;

(c) give or cause to be given notice of all meetings of shareholders and of special meetings of the board;

(d) keep in safe custody the seal of the corporation and affix it to any instrument when authorized by the board;

(e) when required, prepare or cause to be prepared and available at each meeting of shareholders a certified list in alphabetical order of the names of shareholders entitled to vote thereat, indicating the number of shares of each respective class held by each;

(f) keep all the documents and records of the corporation as required by law or otherwise in a proper and safe manner.

(g) perform such other duties as may be prescribed by the board.

6.    ASSISTANT-SECRETARIES.

During the absence or disability of the secretary, the assistant-secretary, or if there are more than one, the one so designated by the secretary or by the board, shall have all the powers and functions of the secretary.

7.    TREASURER.

The treasurer shall:

(a) have the custody of the corporate funds and securities;

(b) keep full and accurate accounts of receipts and disbursements in the corporate books;

(c) deposit all money and other valuables in the name and to the credit of the corporation in such depositories as may be designated by the board;

(d) disburse the funds of the corporation as may be ordered or authorized by the board and preserve proper vouchers for such disbursements;

(e) render to the president and board at the regular meetings of the board, or whenever they require it, an account of all his transactions as

By-Laws G

treasurer and of the financial condition of the corporation;

(f) render a full financial report at the annual meeting of the shareholders if so requested;

(g) be furnished by all corporate officers and agents at his request, with such reports and statements as he may require as to all financial transactions of the corporation;

(h) perform such other duties as are given to him by these by-laws or as from time to time are assigned to him by the board or the president.

8.    ASSISTANT-TREASURER.

During the absence or disability of the treasurer, the assistant-treasurer, or if there are more than one, the one so designated by the secretary or by the board, shall have all the powers and functions of the treasurer.

9.    SURETIES AND BONDS.

In case the board shall so require, any officer or agent of the corporation shall execute to the corporation a bond in such sum and with such surety or sureties as the board may direct, conditioned upon the faithful performance of his duties to the corporation and including responsibility for negligence and for the accounting for all property, funds or securities of the corporation which may come into his hands.

## ARTICLE V - CERTIFICATES FOR SHARES

1.    CERTIFICATES.

The shares of the corporation shall be represented by certificates. They shall be numbered and entered in the books of the corporation as they are issued. They shall exhibit the holder's name and the number of shares and shall be signed by the president or a vice-president and the treasurer or the secretary and shall bear the corporate seal.

2.    LOST OR DESTROYED CERTIFICATES.

The board may direct a new certificate or certificates to be issued in place of any certificate or certificates theretofore issued by the corporation, alleged to have been lost or destroyed, upon the making of an affidavit of that fact by the person claiming the certificate to be lost or destroyed. When authorizing such issue of a new certificate or certificates, the board may, in its discretion and as a condition precedent to the issuance thereof, require the owner of such lost or destroyed certificate or certificates, or his legal representative, to advertise the same in such manner as it shall

purpose as the board shall think conducive to the interests of the corporation, and the board may modify or abolish any such reserve.

## ARTICLE VII - CORPORATE SEAL

The seal of the corporation shall be circular in form and bear the name of the corporation, the year of its organization and the words "Corporate Seal, New York." The seal may be used by causing it to be impressed directly on the instrument or writing to be sealed, or upon adhesive substance affixed thereto. The seal on the certificates for shares or on any corporate obligation for the payment of money may be a facsimile, engraved or printed.

## ARTICLE VIII - EXECUTION OF INSTRUMENTS

All corporate instruments and documents shall be signed or countersigned, executed, verified or acknowledged by such officer or officers or other person or persons as the board may from time to time designate.

## ARTICLE IX - FISCAL YEAR

The fiscal year shall begin the first day of                   in each year.

## ARTICLE X - REFERENCES TO CERTIFICATE OF INCORPORATION

Reference to the certificate of incorporation in these by-laws shall include all amendments thereto or changes thereof unless specifically excepted.

## ARTICLE XI - BY-LAW CHANGES

AMENDMENT, REPEAL, ADOPTION, ELECTION OF DIRECTORS.

(a) Except as otherwise provided in the certificate of incorporation the by-laws may be amended, repealed or adopted by vote of the holders of the shares at the time entitled to vote in the election of any directors. By-laws may also be amended, repealed or adopted by the board but any by-law adopted by the board may be amended by the shareholders entitled to vote thereon as hereinabove provided.

(b) If any by-law regulating an impending election of directors is adopted, amended or repealed by the board, there shall be set forth in the notice of the next meeting of shareholders for the election of directors the by-law so adopted, amended or repealed, together with a concise statement of the changes made.

By-Laws J

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

**MIDAY REALTY CORP.**

**Chapter 11**

Debtor

## AFFIDAVIT PURSUANT TO LOCAL RULE (1007-1-(b)

Chaim Wolner, undersigned debtor swears as follows:

1.  Debtor filed a petition under Chapter 11 of the Bankruptcy Code on 12/2/2010.

2.  Schedule(s) were not filed at the time of filing of the said petition, and is/are being filed herewith.

3.  [*Check the applicable box*]:

   The schedules filed herewith reflect no additions or corrections to, or deletions from, the list of creditors which accompanied the petition.

   Annexed hereto is a listing of names and addresses of scheduled creditors added to or deleted from the list of creditors which accompanied the petition. Also listed, as applicable, are many scheduled creditors whose previously listed names and/or addresses have been corrected. The nature of the change (addition, deletion or correction) is indicated for each creditor listed.

4.  [*If creditors have been added*] An amended mailing matrix is annexed hereto, listing added creditors **ONLY,** in the format prescribed by Local Rule 1007-3.

***Reminder: No amendment of schedules is effective until proof of service in accordance with EDNY LBR 1009-1(b) has been filed with the Court.***

Any additions to the list of creditors which accompanied the petition will be deemed an amendment to that list; if this amendment is filed prior to the expiration of the time period set forth in Fed. R. Bankr. P. 4004 and 4007, it will be deemed to constitute a motion for a 30-day extension of the time within which any added creditors may file a complaint to object to the discharge of the debtor and/or to determine dischargeability. This motion will be deemed granted without a hearing if no objection is filed with the Court and served on debtor within 14 days following filing proof of service of this affirmation, all attachments and the amended schedules in accordance with EDNY LRB 1009-1.

Dated: 12/2/2010

_____
Debtor

Sworn to before me this 2
day of Dec , 2010
_____
Notary Public

William E. Cohen
Notary Public of New Jersey
My Commission Expires Oct 22,2011

9

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

                                         **Chapter 11 Case No.**

**MIDAY REALTY CORP.**

**Debtor**

**CORPORATE OWNERSHIP STATEMENT**

In accordance with Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York, Miday Realty Corp. ("the Company") hereby states that the following corporations directly or indirectly own 10% or more of the Company's equity interests:

- Miday Realty Corp. ( 100% owner of Miday Realty Corp.)

The Company does not own (directly or indirectly) 10% or more of any class of a corporation's publicly traded equity interests. The Company does not own an interest in any general or limited partnership or joint venture.

I, the undersigned authorized officer of the Company, named as the debtor in this case, declare under penalty of perjury, that I have reviewed the foregoing and that it is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

Dated: 12/2/10

By: _C. Cal_

Name: _Pl Clam Wdnon_

Title: _Pres_

6

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

                              Chapter 11 Case No.

**MIDAY REALTY CORP.**

**Debtor**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

As of December 2, 2010 there were no unsecured creditors of Miday Realty Corp., (the "Company").

I, the undersigned officer of the Company, named as the debtor in this case, declare under penalty of perjury that I have reviewed the foregoing and that it is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

Dated: 12/02/10

By: _____C. Wd_____

Name: _____Chaim Wolner_____

Title: _____Pres._____

# CORPORATE RESOLUTION

## OF

## MIDAY REALTY CORP

*WHEREAS, the Corp is in need of additional human resources in order to perform essential duties of said Company it is:*

*RESOLVED, that the Corporation appoint Mr. Chaim Wolner as authorized representative of, with the power to sign and deliver all documents pertaining to the business of A Pro se filing, and handling the chapter a chapter 11, on property known as 53-15 and 53-17 new Utrecht Ave, Brooklyn NY 11219*

*The undersigned hereby certifies that he/she is the duly elected and qualified Secretary and the custodian of the books and records and seal of MIDAY REALTY CORP duly formed pursuant to the laws of the state of NY and the foregoing is a true record of a resolution duly adopted at a meeting of the owners and that said meeting was held in accordance with state law and the Bylaws of the above-named Corporation on Dec 2nd ,2010, and that said this resolution is now in full force and effect without modification or rescission.*

*IN WITNESS WHEREOF, I have executed my name as an authorized member and have hereto signed my name on behalf of the above-named Corporation this 2nd day of Dec , 2010.*

Chaim Wolner

Authorized Member

*C. Wol*

**FSB FLUSHING** Savings Bank
www.flushingsavings.com
1 Corporate Drive, Suite 360
Lake Zurich, IL  60047-8945

**Mail Payments to:**
Payment Processing Center
P.O. Box 4512
Woburn MA 01888-4512

Loan Number: 1414237394
Customer Service
Phone Number #:(877) 330-4051

CHAIM WOLNER
CHANA WOLNER    2448 / 130
1439 41ST STREET
BROOKLYN NY  11218-3511

Illalillalidilialilialilialillalilidilialalidil

Property Address: 3802    15TH AVENUE UNIT #2
BROOKLYN NY  11218

| | |
|---|---|
| Next Payment Due: | 05/01/2009 |
| Regular Payment: $ | $2,328.56 |
| Escrow Payment: $ | $337.17 |
| Late Charges: $ | $465.72 |
| Past Due Amount: $ | $10,680.82 |

| TOTAL AMOUNT DUE: $ | **$13,812.37** |

| Year to Date Interest Paid | Year to Date Taxes Paid | Year to Date Principal Paid |
|---|---|---|
| $8,080.10 | $1,797.83 | $1,234.14 |

| Current Principal Balance | Current Escrow Balance | Suspense Balance |
|---|---|---|
| $345,518.95 | $841.05 | $.00 |

## Account Activity thru 08/17/2009

See Reverse Side for Important Information and Addresses for Correspondence.

| Due Date | Date Paid | Description | Principal | Interest | Escrow | Other | Late Charges | Total |
|---|---|---|---|---|---|---|---|---|
| 05/09 | 08/17 | LATE CHARGE ASSESS | | | | | $116.43 | |

### Important Messages

---

CHAIM WOLNER
CHANA WOLNER
1439 41ST STREET
BROOKLYN NY  11218-3511

**Payment Coupon**

*Return this portion
with your payment*

Loan Number: 1414237394

Next Payment Due: 05/01/2009

☐ CHECK HERE IF YOUR ADDRESS INFORMATION HAS CHANGED AND COMPLETE FORM ON REVERSE SIDE.

*Make Check Payable To:
Flushing Savings Bank, FSB*

**FSB FLUSHING** Savings Bank
www.flushingsavings.com

PAYMENT PROCESSING CENTER
P O  BOX 4512
WOBURN MA 01888-4512

Illaaalllahlahlahlahlahlalulalllahllaalllal

| | | |
|---|---|---|
| Regular Payment: | $ | 2,328.56 |
| Escrow Payment: | $ | 337.17 |
| Late Charges: | $ | 465.72 |
| Unpaid Other Charges | $ | 18.00 |
| Past Due Amount: | $ | 10,662.92 |
| TOTAL AMOUNT DUE: | $ | 13,812.37 |
| If Received after: | | 05/18 |
| Pay this amount: | $ | 13,828.80 |

| Late Charges | |
|---|---|
| Additional Escrow | |
| Total Enclosed | |

14142373940278216026657313050109z

At Part 47 of the Supreme
Court of the State of New York,
held in and for the County of Kings,
at 360 Adams Street, Brooklyn,
New York, on the 6TH day of June,
2010     JULY

PRESENT: HON. David L. Schmidt, J.S.C.

---------------------------------------------------X

FLUSHING SAVINGS BANK, FSB

                               Plaintiff,           Index No. 20779/09

        — against —
                                                    ORDER APPOINTING
MIDAV REALTY CORP                                   SUCCESSOR TEMPORARY
MADIV REALTY CORP                                   RECEIVER
ET AL.,

                               Defendants.
---------------------------------------------------X

Upon the Order Appointing Receiver heretofore signed by Honorable David L.

Schmidt, J.S.C., on April 12, 2010 and entered on April 15, 2010, appointing Carol

Lilienfeld as the Temporary Receiver in the within action, and on reading the annexed

letter from Carol Lilienfeld dated April 15, 2010 declining the receivership, it is

ORDERED, that Scott Nunnally, Fiduciary ID No. 111677 having a business

address at 70 West 40th Street, New York, New York 10018 (212) 944-6620 or

_ALBERT SONTAG_  having a business address at (718)

2307  EASTCSERTER RO   BX NY.  10469.  652

New York be and is hereby appointed as Successor Temporary Receiver for the benefit of  2700

the plaintiff of all the rents and profits now due and unpaid or to become due during

pendency of this action and issuing out of the mortgages premises mentioned in the

complaint heretofore filed with this Court, and it is further

{A231163;1}                        1

Sontag

ORDERED, that the aforesaid order dated April 12, 2010 is otherwise confirmed.

in all respects and shall remain binding upon the Successor Temporary Receiver herein appointed; and it is further

ORDERED, that Carol Lilienfeld heretofore appointed Temporary Receiver in this action be, and he hereby is, discharged from any duties or responsibilities as Temporary Receiver without fee or commission of any kind.

NOTWITHSTANDING ANY OTHER PROVISION OF THE ORDER TO THE CONTRARY, THE RECEIVER SHALL NOT APPOINT AN ATTORNEY, AGENT, APPRAISER, AUCTIONEER OR ACCOUNTANT WITHOUT THE PRIOR AUTHORIZATION OF THE COURT

Enter:

HON: _____

David L. Schmidt, J.S.C.

HON. DAVID I. SCHMIDT

(A23116;1)

2

# KANTOR, DAVIDOFF, WOLFE, MANDELKER, TWOMEY & GALLANTY, P.C.

HERBERT C. KANTOR
RICHARD S. DAVIDOFF
STEVEN W. WOLFE
LAWRENCE A. MANDELKER
MICHAEL E. TWOMEY
GARY HOPPE
ALAN T. GALLANTY††
MATTHEW C. KESTEN*
THOMAS E. KASS†
TIMOTHY ARMBRECHT**
DANIEL S. KOKHBA***

* MEMBER OF N.Y. & FL. BARS
** MEMBER OF CA. BAR
*†* MEMBER OF N.Y. & N.J. BARS
† MEMBER OF N.Y., CONN. & D.C. BARS
†† MEMBER OF N.Y. & CONN. BARS

ATTORNEYS AT LAW
51 EAST 42ND STREET
NEW YORK, N.Y. 10017-5404
TELEPHONE: (212) 682-8383
FAX: (212) 949-5206

September 30, 2010

OF COUNSEL
I. ROBERT HARRIS
ROBERT M. BIRNBAUM*
EDWIN A. MARGOLIUS
JOEL BUCHMAN

FLORIDA OFFICE
WILLIAM A. KASS*
1200 NORTH FEDERAL HIGHWAY
BOCA RATON, FL. 33432
TEL: (561) 368-1995
FAX: (561) 368-4315

CONNECTICUT OFFICE
495 POST ROAD EAST
WESTPORT CT. 06880
TEL: (203) 222-1100
FAX: (203) 226-7323

Miday Realty Corp
c/o    Chana Wolner
       Chaim Wolner
1439 41st Street
Brooklyn, NY 11219

Madiy Realty Corp
c/o    Chana Wolner
       Chaim Wolner
1439 41st Street
Brooklyn, NY 11219

Chana Wolner
1439 41st Street
Brooklyn, NY 11219

Chaim Wolner
1439 41st Street
Brooklyn, NY 11219

Re:   *Flushing Savings Bank, FSB* v *Miday Realty Corp., et al.*
      Kings County Index No. 20779/09
      July 6, 2010 Order appointing Albert Sontag successor temporary
      receiver of 5315-5317 New Utrecht Avenue, Brooklyn, New York
      and 151 Division Avenue, Brooklyn, New York

Dear Sir or Madam:

Enclosed for service on each of you are orders respectively granted on
April 12, 2010 by the Supreme Cour, Kings County (Hon. David I. Schmidt) in an
action entitled *Flushing Savings Bank, FSB* v *Miday Realty Corp, et al.* bearing
Index No. 20779/09. The earlier order appointed Carol Lilienfeld, Esq. as
temporary receiver of the rents and profits of 151 Division Street and 5315-5317
New Utrecht Avenue (collectively the "Premises"), both in Brooklyn. The second
order appoints Albert Sontag as successor temporary receiver for Ms. Lilienfeld,
who was discharged. Mr. Sontag was given all of the powers that had originally
been given to Ms. Lilienfeld.

You are directed in the order to immediately turn over the following to Mr.
Sontag with respect to the Premises:

   a. Tenant rent security deposit
   b. Rent roll
   c. Leases, both expired and unexpired
   d. Orders

e. Correspondence
f. Notices
g. Registration statements
h. All rents, license fees and other charges of the Premises in your possession or in the possession of your agents, servants, and employees, from and after the date of the original order.

You are also enjoined in the order from "collecting the rents, license fees and other charges of said Premises and from interfering in any manner or in any way with the Premises or its possession; and from transferring, removing or in any way disturbing any of the occupants, employees and licensees of the Premises.

You should make arrangements to deliver within seven days from the date of this letter the items to be turned over to Ralph Soloff of All City Realty Corp., 2562 Briggs Avenue, Bronx, NY 10458

Very truly yours,

Lawrence A. Mandelker

LAM/jle
Enclosures
cc:   Mr. Albert Sontag, Temporary Receiver w/o enc. via e-mail: alberts@sterlingempire.com
All City Realty Corp. w/o enc. via e-mail: soloff.ralph@gmail.com
Ms. Rafaela Nieves, Paralegal w/o enc. via e-mail: rnieves@hmllaw.com